IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NINGBO HOLBY AGRICULTURAL SCIENCE AND TECHNOLOGY CO. LTD., : : : : : : Plaintiff, : : v. : : : INVENTEL.TV LLC and YASIR : ABDUL, : : : Defendants. : | CIVIL ACTION NO. 1:24-cv-00723-LMM |

### **ORDER**

This matter is before the court on Defendants' motion to vacate default and dismiss this action, Dkt. No. [21]; Plaintiff's motion for attorney fees, Dkt. No. [22]; and Plaintiff's motion to strike the motion to vacate and motion to dismiss, Dkt. No. [23]. After due consideration, the Court enters the following Order.

**I.   BACKGROUND**

Plaintiff Ningbo Holby Agricultural Science and Technology Co. Ltd. ("Holby") filed this case on February 17, 2024, claiming that Defendant Inventel.TV LLC ("Inventel") had ordered and received product from Holby but failed to pay for it. Dkt. No. [1]. In addition to naming Inventel as a defendant,

Holby also asserted claims against Yasir Abdul, Inventel's Chief Executive Officer.[1] Id. at 1, 3. Holby asserted claims for breach of contract against Inventel and asserted claims against both defendants for unjust enrichment, breach of the implied covenant of good faith and fair dealing, conversion, and fraud. Id. at 9-14.

Holby filed proof of service on Inventel and Mr. Abdul, and when neither filed a response, Holby filed a motion for default, which the Court granted. Dkt. Nos. [7-9]; Dkt. Entry, Apr. 3, 2024. On April 30, 2024, shortly after the Clerk entered default against Inventel and Mr. Abdul, Holby filed a motion for default judgment. Dkt. No. [10]. On December 3, 2024, the Court denied the motion as to Mr. Abdul but granted it as to Holby. Dkt. No. [19]. The Court also reserved the attorney-fee issue raised in the motion for default judgment pending further briefing. Id.

Two days after the Court entered the Order on the motion for default judgment, Mr. Abdul, proceeding pro se, filed the pending motion to vacate default and dismiss this action. Dkt. No. [21]. Plaintiff then filed the motion for attorney fees, Dkt. No. [22], and motion to strike, Dkt. No. [23], along with a

---

[1] Plaintiff also named as defendants Michael Rahbari, Inventel's Senior Vice President of Sales, and Jim Conlin, an Inventel employee. Dkt. No. [1] at 1, 3. Those defendants were later dismissed from the lawsuit due to Plaintiff's failure to serve them with process, see Dkt. Nos. [15, 17, 18], and they are not involved in the motions presently before the Court.

response in opposition to the motion to vacate default and dismiss the case, Dkt. No. [24].

## II.   DISCUSSION

### A.   DEFAULT

The Court first addresses the motion to vacate default and dismiss the action, Dkt. No. [21], and the motion to strike the motion, Dkt. No. [23]. As previously noted, the motion to vacate default and dismiss the action was filed pro se by Defendant Yasir Abdul. See Dkt. No. [21] at 11. Plaintiff argues that the Mr. Abdul's motion is moot as to Mr. Abdul, was impermissibly filed on behalf of Inventel, and thus should not be granted. Dkt. Nos. [23, 24]. The Court agrees.

Although Plaintiff ultimately has the better argument, it first bears noting that Plaintiff does not state a legal basis for *striking* Mr. Abdul's motion. See generally Dkt. No. [23]. Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to grant motions to strike, but the authority is limited to striking pleadings, which are defined under Rule 7(a) of the Federal Rules as complaints, answers, counterclaims, crossclaims, and similar documents. Motions are not considered pleadings and therefore cannot be the subject of a motion to strike. Adams v. Nat'l Credit Sys., Inc., Civ. Action No. 1:22-cv-4792-SEG-RDC, 2025 WL 1605473, at *2 (N.D. Ga. Mar. 28, 2025). Thus, the Court **DENIES** the motion to strike, Dkt. No. [23].

That said, the arguments Mr. Abdul asserts on his own behalf are in fact moot, since the Court did not find Plaintiff entitled to a default judgment against

3

him. See Dkt. No. [20]. And Mr. Abdul's motion was not properly filed so far as it seeks relief on behalf of Inventel.

It is well established that an artificial entity cannot appear in federal court other than through a licensed attorney. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); Kell v. Smith, 743 F. App'x 292, 295 (11th Cir. July 18, 2018); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Mr. Abdul is not an attorney licensed to appear before this Court. Thus, his motion, so far as he filed it on behalf of Inventel, is a legal nullity. See Michel v. United States, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null."); Joe Hand Promotions, Inc. v. Augustine, Civ. Action No. 1:21-cv-02323-SDG, 2022 WL 4361825, at *3 (N.D. Ga. Sept. 19, 2022) (disregarding pro se arguments asserted on behalf of a defendant LLC).

Mr. Abdul suggests that the improper representation should be excused because he "reach[ed] out to at least 3 or 4 attorneys," only one of them agreed to represent him and Inventel, and they could not afford his fees. Dkt. No. [21] at 9. The Court is not persuaded: the right to conduct business as an artificial entity "carries with it an obligation to hire a lawyer when the entity is sued." Alternative Materials, LLC v. TCH Construction Grp., Inc., 339 F.R.D. 322, 324 (N.D. Fla. 2021) (citing United States v. Hagerman, 549 F.3d 536, 537 (7th Cir. 2008)). " 'Pro se litigation is a burden on the judiciary, and the burden is not to be borne

when the litigant has chosen to do business in entity form.' " Id.; accord Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983). Moreover, Inventel had more than seven months to secure counsel since Plaintiff put it on express notice of the requirement and has failed to do so. See Dkt. Nos. [23, 24]. Consequently, the Court finds no basis for excusing the absence of legal representation and thus concludes that the motion is without effect as it relates to Inventel.

For these reasons, the Court **DENIES** Mr. Abdul's motion to vacate default and dismiss the action, Dkt. No. [21].

## B.  ATTORNEY FEES

Plaintiff moves under Rule 54 of the Federal Rules of Civil Procedure and Rule 54.2 of the Local Rules of this Court for fees and costs, pursuant to O.C.G.A. § 13-6-11.[2] Dkt. No. [22]. Neither Federal Rule 54 nor Local Rule 54.2 supplies an independent basis for an award of attorney fees; instead, they provide a procedural framework for presenting claims for attorney fees and related non-taxable expenses. See Fed. R. Civ. P. 54(d)(2) (requiring that the movant "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"); LR 54.2(A)(2), NDGa (requiring that the motion "specify the judgment

---

[2] In federal court, the "American rule" generally applies: each party bears its own fees and costs, except where allowed by statute or enforceable contract. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975), superseded by statute on other grounds, as recognized in Molina v. Richardson, 578 F.2d 846, 854 (9th Cir. 1978).

and the statute or other grounds on the basis of which entitlement to the award is claimed"). Thus, the requested fees must be awarded, if at all, under the authority of O.C.G.A. § 13-6-11.

As Plaintiff points out, attorney fees are authorized under O.C.G.A. § 13-6-11 "where the plaintiff has specially pleaded and has made prayer" for them, and "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Fresh Floors, Inc. v. Forrest Cambridge Apts., LLC, 570 S.E.2d 590, 592 (Ga. App. 2002). However, expenses of litigation are available under O.C.G.A. § 13-6-11 *only* where the plaintiff has specially pleaded and has made prayer for them. Pipe Sols., Inc. v. Inglis, 661 S.E.2d 683, 685 (Ga. Ct. App. 2008). Although Plaintiff made a prayer for "reasonable attorneys' fees and costs, and litigation expenses, as permitted by law," Dkt. No. [1] at 14, and for "reasonable attorneys' fees and costs, and litigation expenses for having to prosecute this matter as permitted by law," id. at 15, it did not reference O.C.G.A. § 13-6-11 or specially plead or make a prayer for attorney fees based on bad faith, stubborn litigiousness, or unnecessary trouble and expense as required by § 13-6-11. " 'A general request for attorney fees, without reference to OCGA § 13-6-11 or the criteria set forth therein, is not the specific pleading contemplated by the statute.' " Pipe Sols., Inc., 661 S.E.2d at 685 (quoting Dep't of Transp. v. Ga. Television Co.,

536 S.E.2d 773, 776 (Ga. Ct. App. 2000)). Thus, no award is available under O.C.G.A. § 13-6-11, and Plaintiff's motion is therefore **DENIED**.

### III. CONCLUSION

In accordance with the foregoing, Defendants' motion to vacate default and dismiss this action, Dkt. No. [21], Plaintiff's motion for attorney fees, Dkt. No. [22], and Plaintiff's motion to strike the motion to vacate and motion to dismiss, Dkt. No. [23], are **DENIED**. This case remains **CLOSED**.

**IT IS SO ORDERED** this 13th day of August, 2025.

_____
**Leigh Martin May**
**Chief United States District Judge**